```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
MALIK FRYAR,                                               :
,                                                          :
                                                           :
                    Plaintiff,                             :     **ORDER**
                                                           :
          -against-                                        :     10 Civ. 5879 (BMC)
                                                           :
                                                           :
CITY OF NEW YORK, et al.,                                  :
                                                           :
                    Defendants.                            :
                                                           :
---------------------------------------------------------- X
```

Defendants' motion to compel is granted, and plaintiff's counsel is sanctioned in the amount of $200, payable to the Clerk of the Court within seven days, for engaging in bad faith discovery practices.

As to plaintiff's criminal history, there is no colorable argument for refusing to give defendants a release so that they can obtain the records of his 19 prior arrests. This is a false arrest case. These documents have obvious potential relevance both as to credibility and damages.

Defendants did not unreasonably delay in requesting them; it was plaintiff's counsel who objected to their request, a request made reasonably early in the case. Once plaintiff objected, defendants followed the reasonable course of attempting to get the information directly from plaintiff at his deposition, and were thwarted only by plaintiff's lack of recollection. Plaintiff's counsel knew or should have known, of course, of his client's limited recollection, yet chose to stand on his objection until after defendants confirmed it at plaintiff's deposition, and indeed is still using the absence of recollection in an attempt to unreasonably block discovery.

Plaintiff's claim that the evidence cannot be used at trial is a non-sequitur. Rule 26 expressly provides that that is not the test. Moreover, the documents may well be used at trial to refresh plaintiff's recollection if it remains vague, and may also furnish a good faith basis for asking specific questions relating to them on cross-examination.

The authorizations must be delivered to defendants within five days or the case will be dismissed. Assuming delivery, defendants will then be entitled to re-depose plaintiff, confined to these arrests, on a date of their choosing, within one week after the records are obtained. Because there are 19 arrests, the seven hour deposition limit is waived, although the deposition must be completed in one day, as late as it takes. Any obstreperous behavior by plaintiff's counsel at the deposition will lead to further sanctions.

Plaintiff's counsel agreed to take on a false arrest case on behalf of a client who had been arrested 19 prior times, and while the Court reserves ruling on how much, if anything, about those arrests will be disclosed to the jury, the information surrounding them is not going to be hidden from defendants.

As to the two non-party witnesses, there is no good faith argument for not disclosing their current addresses to defendants. These are not mere bystanders. They are plaintiff's close friend and cousin. Plaintiff's counsel cannot hide behind a lack of current knowledge of their contact information, as it is readily obtainable and well within plaintiff's control. By arguing that he should not be precluded from calling these two witnesses at trial, plaintiff's counsel is effectively conceding that he has ready access to their whereabouts. If he can get this information for trial, he certainly can get it for discovery. He had a duty to supplement his Rule 26(a)(1) disclosures with information readily available to him, and he breached it. It is absurd to suggest that

defendants have some duty to hire an investigator and track these people down when all plaintiff has to do is pick up the phone (or less).

The current contact information must be delivered to defendants within five days. Plaintiff shall fully cooperate with defendants in facilitating service of the subpoenae and encouraging these friendly (to plaintiff) witnesses to attend their depositions. The depositions shall be taken within three weeks. Given the close relationship between these witnesses and plaintiff, if they evade service or fail to appear for their depositions, the Court will consider precluding them from trial, and may also consider a missing witness instruction to the jury.

**SO ORDERED.**

                                            Signed electronically/Brian M. Cogan
                                                   U.S.D.J.

Dated: Brooklyn, New York
        May 4, 2011