10 CV 5879 (BMC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MALIK FRYAR,

                              Plaintiff,

-against-

CITY OF NEW YORK; Police Officer ROBERT ZHEN, Police Officer MATTHEW KOKORUDA, Police Officer TYLER KALMAN, Police Officer PETER KESSLER, and JOHN and JANE DOE 5 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

PLAINTIFF'S MOTION FOR RECONSIDERATION
PURSUANT TO LOCAL CIVIL RULE 6.3

HARVIS & SALEEM LLP
*Attorneys for Plaintiff Malik Fryar*
305 Broadway, 14th Floor
New York, N.Y. 10007

By: Afsaan Saleem
Tel: (212) 323-6880

## PRELIMINARY STATEMENT

Plaintiff Malik Fryar respectfully moves this Court, pursuant to Rule 6.3 of the Local Rules of the Southern and Eastern Districts of New York, for reconsideration of the Court's order dated May 4, 2011 imposing sanctions against Plaintiff's counsel in the amount of $200 for engaging in bad faith discovery practices. For the reasons set forth herein, Plaintiff respectfully requests that the Court reconsider its prior ruling.[1] Plaintiff does not seek reconsideration of the Court's decision to grant Defendants' motion to compel.

## STANDARD FOR RECONSIDERATION

Local Civil Rule 6.3 requires a party seeking reconsideration of a prior order to set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked." E.D.N.Y. Local Civil Rule 6.3. "As a general rule, motions for reconsideration are granted only if the moving party can point to some controlling decision or data 'that might reasonably be expected to alter the conclusion reached by the court.'" *De Oliveira v. Bessemer Trust Co., N.A.*, 09-CV-713 (PKC), 2010 WL 2541230, *1 (S.D.N.Y. June 14, 2010) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)). "While a court may grant the motion 'to correct a clear error of law or prevent manifest injustice,' a motion to reconsider should not be granted where the moving party seeks solely to revisit an issue already decided." *Id.* (quoting *Munafo v. Metro. Transp. Auth.,* 381 F.3d 99, 105 (2d Cir. 2004)).

---

[1] Pursuant to the Court's May 4th order, Plaintiff's counsel was instructed to pay $200 to the Clerk of the Court by today. The $200 has been deposited in Plaintiff's counsels' attorney trust account pending the Court's determination of the instant motion.

# ARGUMENT

## POINT I

**SANCTIONS WERE NOT WARRANTED AS PLAINTIFF'S COUNSEL ACTED IN GOOD FAITH AND WAS NOT GIVEN NOTICE**

"28 U.S.C. § 1927 authorizes sanctions 'when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose,' and upon 'a finding of conduct constituting or akin to bad faith.'" *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (*quoting 60 E. 80th St. Equities, Inc. v. Sapir (In re 60 E. 80th St. Equities, Inc.*), 218 F.3d 109, 115 (2d Cir. 2000)). In addition to the sanctions a court may order pursuant to 28 U.S.C. § 1927, sanctions may also be imposed pursuant to its inherent powers:

> The court has inherent power to sanction parties and their attorneys, a power born of the practical necessity that courts be able "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (internal quotation marks omitted). This power may likewise be exercised where the party or the attorney has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258-59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (internal quotation marks omitted). An award of sanctions under the court's inherent power requires both "clear evidence that the challenged actions are *entirely without color,* and [are taken] for reasons of harassment or delay or for other improper purposes[,] and a high degree of specificity in the factual findings of [the] lower courts." *Oliveri v. Thompson,* 803 F.2d 1265, 1272 (2d Cir. 1986) (internal quotation marks omitted) (emphasis added), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987).

*Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 -79 (2d Cir. 2000) (emphasis in original).

Before sanctions are imposed, an attorney must be given notice and an opportunity to be heard. In *60 E. 80th St. Equities, Inc.*, the Second Circuit explained that:

> [D]ue process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions. *Ted Lapidus, S.A.,[ v. Vann,]*

> 112 F.3d [91] at 96 [(2d Cir.), *cert. denied,* 522 U.S. 932, 118 S.Ct. 337, 139 L.Ed.2d 262 (1997)] (*quoting In re Ames Dep't Stores, Inc.,* 76 F.3d 66, 70 (2d Cir. 1996)). More specifically, we have held that [a]n attorney whom the court proposes to sanction must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter, and must be forewarned of the authority under which sanctions are being considered, and given a chance to defend himself against specific charges. *Sakon[ v. Andreo]*, 119 F.3d [109,] 114 (2d Cir. 1997) (internal quotation marks omitted). At a minimum, the notice requirement mandates that the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense. *See id.* at 114; *Ted Lapidus, S.A.,* 112 F.3d at 96. The opportunity to respond is judged under a reasonableness standard: a full evidentiary hearing is not required; the opportunity to respond by brief or oral argument may suffice. *See, e.g., Klein v. Ulster Sav. Bank,* 127 F.3d 292, 295 (2d Cir. 1997) (per curiam) (collecting cases supporting this proposition but remanding to the district court to give attorney a chance to be heard on imposition of sanctions because none had been given).

*60 E. 80th St. Equities, Inc.*, at 117 (emphasis in original).

In *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, the Second Circuit explained that:

> [A] claim is entirely without color when it lacks *any* legal or factual basis." *Sierra Club v. United States Army Corps of Eng'rs,* 776 F.2d 383, 390 (2d Cir. 1985) (internal quotation marks omitted) (emphasis added), *cert. denied,* 475 U.S. 1084, 106 S.Ct. 1464, 89 L.Ed.2d 720 (1986). Conversely, a claim is colorable "when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." *Nemeroff v. Abelson,* 620 F.2d 339, 348 (2d Cir. 1980) (per curiam).

194 F.3d 323, 337 (2d Cir. 1999) (emphasis in original). Further, "to constitute a frivolous legal position for purposes of Rule 11 sanction, it must be clear ... that there is no chance of success.... Thus, not all unsuccessful arguments are frivolous or warrant sanctions." *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 830 (2d Cir. 1992) (*quoting Mareno v. Rowe,* 910 F.2d 1043, 1047 (2d Cir. 1990), *cert. denied*, 498 U.S. 1028, 111 S.Ct. 681, 112 L.Ed.2d 673 (1991)) (reversing an award

of sanctions on the ground that, in the absence of controlling authority to the contrary, the party had a good faith basis to press a legal argument supported by a single decision of a state court); *see also Salovaara v. Eckert*, 222 F.3d 19, 34 (2d Cir. 2000) (reversing award of sanctions for summary judgment motion where, "however faulty, [litigant's] positions were not so untenable as a matter of law as to necessitate sanction.") (internal quotation omitted).

The Second Circuit has also expressed its concern over the potential "chilling effect" that might result from the imposition of sanctions. "If the sanction regime is too severe, lawyers will sometimes be deterred from making legitimate submissions on behalf of clients out of apprehension that their conduct will erroneously be deemed improper." *Gollomp*, 568 F.3d at 373 (*quoting In re Pennie & Edmonds LLP,* 323 F.3d 86, 90-91 (2d Cir. 2003)).

In *Milltex Industries Corp. v. Jacquard Lace Co.*, Ltd., the Second Circuit reversed the district court's imposition of sanctions against an attorney who had committed what the trial court deemed to be a "pattern of subterfuge and defiance of obligation to the court," including violation of the court's Temporary Restraining Order, because "[u]nder standards well established by Circuit precedent, [the attorney's] conduct must have been entirely without color and motivated by improper purposes to justify the imposition of sanctions." 55 F.3d 34, 35-36 (2d Cir. 1995) (*citing United States v. International Bhd. of Teamsters,* 948 F.2d 1338, 1345 (2d Cir. 1991) and *Oliveri v. Thompson,* 803 F.2d 1265, 1272 (2d Cir. 1986), *cert. denied sub nom. Suffolk County v. Graseck,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987)) (internal quotation marks omitted).

Here, Plaintiff respectfully submits that his counsel did not engage in bad faith conduct warranting the imposition of sanctions and did not receive notice and an opportunity to be heard before sanctions were imposed. *See Klein,* 127 F.3d at 295. First, prior to the Court's

May 4th decision, Plaintiff's counsel was aware of no decision in the Eastern or Southern Districts of New York requiring that a blanket unsealing release for all prior arrests needed to be provided in a false arrest case. Declaration of Afsaan Saleem dated May 11, 2011 ("Saleem Decl."), ¶ 9. Moreover, counsel is unaware of any binding decisions of the Second Circuit or the United States Supreme Court on this issue. Saleem Decl., ¶ 10. Indeed, counsel's prior work defending false arrest cases included assignment to the case of *Kamparosyan, et al. v. City of New York, et al.*, 07-CV-2691 (CBA) (RER). Saleem Decl., ¶ 6. In *Kamparosyan* defendants sought access to the prior sealed arrests of the plaintiffs. *Id*. The Honorable Ramon E. Reyes denied defendants' request for access to those records. *Id.*; Summary Order dated September 23, 2009, annexed to Saleem Decl. as Exhibit "1."

Similarly, in *Suarez v. City of New York, et al.*, 08-CV-10462 (BSJ) (KNF), a false arrest case, the City of New York moved to compel production of a blanket release for all of the plaintiff's sealed records from the New York City Police Department – the same release at issue here – arguing that such records are discoverable to refute plaintiff's claims of damages. Saleem Decl., ¶ 7; Memo Endorsed Order dated July 22, 2009, annexed to Saleem Decl. as Exhibit "2." By Memo Endorsement dated July 22, 2009, the Honorable Kevin N. Fox denied defendants' request. *Id*. The *Suarez* defendants moved for reconsideration of Judge Fox's order and their motion was denied. *Suarez v. City of New York*, 08-CV-10462 (BSJ) (KNF), 2009 WL 2342108 (S.D.N.Y. July 24, 2009).

Plaintiff respectfully submits that, in light of the state of the law as described above (and as it was known to counsel), counsel had a colorable basis to withhold the general unsealing release. As a result, counsel did not act in "bad faith, vexatiously, wantonly, or for

oppressive reasons." *Alyeska Pipeline Service Co.*, 421 U.S. at 258-59; *see Pierce*, 955 F.2d at 830.

Second, Plaintiff's counsel endeavored in good faith to comply with the witness disclosure requirements of FED. R. CIV. P. 26. Saleem Decl., ¶ 12. At the outset, Plaintiff disclosed the three known witnesses in his initial disclosures, including as much information as he knew of their addresses and telephone numbers. Saleem Decl., ¶ 13. The address for Shameek Miller proved to be correct and he was served with a subpoena and appeared for his deposition, albeit several hours late. Saleem Decl., ¶ 14. Notwithstanding his relationship to witnesses Ralph Smith and Vincent Carmona, Plaintiff has not had working telephone numbers for them throughout this litigation. Saleem Decl., ¶ 15. Additionally, upon information and belief, witness Carmona does not maintain a permanent address and stays with other people. Saleem Decl., ¶ 16. Indeed, upon information and belief, Plaintiff only associates with these witnesses when he sees them in the streets. Saleem Decl., ¶ 17. As of early May 2011, upon information and belief, Plaintiff had not encountered Smith or Carmona in over a month. Saleem Decl., ¶ 18.

Once the parties had agreed to a date for the depositions of Plaintiff's witnesses, Plaintiff's counsel actively sought to secure their appearance at their depositions. Saleem Decl., ¶ 19. Without disclosing privileged communications, Plaintiff's counsel encouraged Plaintiff to contact the witnesses and ask them to appear. Saleem Decl., ¶ 20. In addition, Plaintiff's counsel contacted an attorney representing witnesses Miller and Carmona and asked him to encourage his clients to appear for the depositions. Saleem Decl., ¶ 21. Upon information and belief, the attorney contacted Miller and Carmona and urged them to attend. Saleem Decl., ¶ 22.

Plaintiff's counsel first learned that the defendants had been unable to serve deposition subpoenas on witnesses Carmona and Smith on May 2, 2011, the date of their depositions. Saleem Decl., ¶ 23. On May 3, 2011, Plaintiff's counsel obtained from Mr. Carmona's attorney, and provided to defense counsel, an additional address for Mr. Carmona that the attorney had in his file. Saleem Decl., ¶ 24. Plaintiff's counsel also suggested that, since witness Smith had been arrested at the same time as Plaintiff, defense counsel check the City's own records to see if they indicated his address. Saleem Decl., ¶ 25. Upon information and belief, any individual who is arrested and processed at a police precinct must be listed in the command log and on a pedigree card, which would contain an address. Saleem Decl., ¶ 26. Upon information and belief, the command log is not subject to the sealing provisions of N.Y.C.P.L. § 160.50. Saleem Decl., ¶ 27. In attempting to reschedule the depositions, the parties agreed that the witnesses' depositions would be conducted in advance of the summary judgment deadline of May 17, 2011. Saleem Decl., ¶ 28.

The only dispute between the parties as to the non-party depositions was that Defendants argued that trial testimony of the non-parties should be precluded if Plaintiff failed to provide accurate service information by May 9, 2011. Saleem Decl., ¶ 29. Plaintiff agreed to continue his efforts to provide correct addresses for the witnesses but believed that based upon what had transpired thus far, preclusion was premature. Saleem Decl., ¶ 30; *see Outley v. City of New York,* 837 F.2d 587, 590 (2d Cir. 1988) (*citing Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1064 (2d Cir. 1979)) ("The refusal to allow the plaintiff's eyewitnesses to testify [is]...an extreme sanction in any case."). Of course, if Defendants were unable to depose the non-party witnesses in advance of trial based upon the

failure of the witnesses to appear at scheduled depositions of which they were aware, Plaintiff would not oppose a motion to preclude their trial testimony. Saleem Decl., ¶ 31.

Accordingly, Plaintiff respectfully submits that counsel acted in good faith to facilitate discovery and to allow Defendants to depose his non-party witnesses. Plaintiff further states that before the Court imposed sanctions, he should have been given notice and an opportunity to be heard.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider its May 4th order, vacate the imposition of sanctions and its finding that Plaintiff's counsel had engaged in "bad faith discovery practices," and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 11, 2011

HARVIS & SALEEM LLP

_____
Afsaan Saleem
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
asaleem@harvisandsaleem.com

*Attorneys for Plaintiff*