UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MALIK FRYAR,

                                      Plaintiff,

-against-

CITY OF NEW YORK; Police Officer ROBERT ZHEN,
Police Officer MATTHEW KOKORUDA, Police Officer
TYLER KALMAN, Police Officer PETER KESSLER, and
JOHN and JANE DOE 5 through 10, individually and in
their official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                      Defendants.

**JOINT PRETRIAL ORDER**

10 CV 5879 (BMC)

------------------------------------------------------------------------x

## JOINT PRETRIAL ORDER

       The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

**Full Caption of the Action**

       <u>Malik Fryar v. Police Officer Robert Zhen, Police Officer Matthew Kokoruda, Police Officer Tyler Kalman, Police Officer Peter Kessler</u>, 10 CV 5879 (BMC).

**Trial Counsel**

       Trial counsel for the parties are correctly set forth below:

*For Plaintiff:*
Afsaan Saleem, Esq.
Gabriel Harvis, Esq.
Harvis & Saleem LLP
305 Broadway, 14th Floor
New York, New York 10007
Tel: (212) 323-6880
Fax: (212) 323-6881
Email: asaleem@harvisandsaleem.com

*For Defendants:*
Brian Francolla
Assistant Corporation Counsel
Matthew Modafferi
Assistant Corporation Counsel
100 Church Street
New York, NY 10007
Tel: (212) 788-0988
Tel: (212) 788-1652

Email: gharvis@harvisandsaleem.com          Fax: (212) 788-9776
                                            Email: bfrancol@law.nyc.gov
                                            Email: mmodaffe@law.nyc.gov

**Jurisdiction**

This action is brought pursuant to 42 U.S.C. §1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States. The jurisdiction of this Court is predicated upon 28 U.S.C. § 1331, 1343 and 1367(a).

Defendants do not dispute jurisdiction.

**Claims and Defenses to be Tried**

**Claims:**

1. False Arrest:

Plaintiff asserts claims for false arrest and unreasonable seizure against all Defendants pursuant to 42 U.S.C. § 1983 and New York state law. These claims are based on Defendants' initial seizure of Plaintiff without reasonable suspicion and their eventual arrest of Plaintiff without probable cause. (2nd Amended Complaint, ¶¶ 36-37, 39-40, 68-73).

2. Excessive Force/Assault and Battery:

Plaintiff asserts claims for excessive force pursuant to 42 U.S.C. § 1983 and for assault and battery under New York state law against Defendants. These claims are based on Defendants' unlawful use of force during and after their arrest of Plaintiff (2nd Amended Complaint, ¶¶ 42-43, 64-66).

3. Failure to Intervene:

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 and New York state law against all Defendants for their failure to intervene to prevent the aforementioned violations of Plaintiff's constitutional rights. (2nd Amended Complaint, ¶¶ 45-47).

**Defenses:**

1.  Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or of the State of New York or any political

   subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

2. There was probable cause for plaintiff's arrest and detention.

3. Defendants Police Officer Zhen, Police Officer Kokoruda, Police Officer Kalman and Police Officer Kessler have not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and therefore, are entitled to qualified immunity.

4. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

5. Plaintiff provoked any incident.

6. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

**Claims Which Have Been Dismissed Pursuant To Stipulation:**

Plaintiff has agreed to withdraw his claims of Municipal Liability, First Amendment Retaliation and Denial of a Constitutional Right to Fair Trial as asserted in the Second Amended Complaint. The parties will submit a stipulation in this regard under separate cover shortly.

**Jury/Non-Jury**

The case is to be tried with a jury. It will take an estimated 2 – 3 trial days to complete.

**Trial Before Magistrate Judge**

The parties have not consented to a trial by a Magistrate Judge.

**Stipulations**

   **The parties hereby agree to and stipulate to the following matters of fact:**

1. Plaintiff was arrested on November 7, 2010, and charged with Disorderly Conduct (N.Y. Penal Law § 240.20(05)), Harassment in the 2nd Degree (N.Y. Penal Law § 240.26(03)) and Resisting Arrest (N.Y. Penal Law § 205.30).

2. Plaintiff accepted an Adjournment in Contemplation of Dismissal pursuant to N.Y. Crim. Proc. Law § 170.55 in connection with the underlying criminal matter.

### The parties hereby agree to and stipulate to the following matters of law:

1. The parties agree that defendant City of New York will be removed from the caption of this action for the purposes of this trial.

2. The parties will not mention that the City of New York is (or was) a defendant in this action.

3. Plaintiff will not offer any evidence that defendants' attorneys are City attorneys and that the City may indemnify the defendants.

4. Plaintiff will not inquire into the disciplinary history, personnel records, arrest history or prior lawsuits of the defendants or any non-party officers who testify.

5. The parties are precluded from calling Shameek Miller, Ralph Smith and Vincent Carmona as witnesses at trial.

6. The defendants are precluded from questioning plaintiff or offering evidence of plaintiff's use of marijuana, with the exception of any use 24 hours prior to his arrest.

### Witnesses

### Plaintiff's Witnesses:

1. **Malik Fryar**; plaintiff; will testify as to the facts and circumstances surrounding his arrest and his damages.
2. **Robert Zhen**; defendant; will testify about the incident and his paperwork.
3. **Matthew Kokoruda**; defendant; will testify about the incident and his paperwork.
4. **Tyler Kalman**; defendant; will testify about the incident and his paperwork.
5. **Peter Kessler**; defendant; will testify about the incident and his paperwork.

### Defendants' objection to plaintiff's witnesses:

Defendants do not object to plaintiff's witnesses.

### Defendants' Witnesses:[1]

1. **Malik Fryar**, plaintiff; will testify as to the facts and circumstances surrounding his arrest.
2. **Robert Zhen**; defendant; will testify as to the facts and circumstances surrounding plaintiff's arrest.
3. **Matthew Kokoruda**; defendant; will testify as to the facts and circumstances surrounding plaintiff's arrest.

---

[1] Defendants reserve the right to call any witnesses listed by plaintiff.

4. **Tyler Kalman**; defendant; will testify as to the facts and circumstances surrounding plaintiff's arrest.

5. **Peter Kessler**; defendant; will testify as to the facts and circumstances surrounding plaintiff's arrest.

**Plaintiff's objections to defendants' witnesses:**

Plaintiff does not object to defendants' witnesses.

**Deposition Transcripts**

Plaintiff and Defendants do not intend on designating deposition testimony or prior statements, except for impeachment.

**Exhibits**

**Plaintiff's Exhibits**

| # | Exhibit | Objection | Basis for Objection |
|---|---|---|---|
| 1 | Complaint Report (Bates Nos. NYC 2 – NYC 3) | | |
| 2 | Omniform Arrest Report (Bates No. NYC 26 – NYC 28) | | |
| 3 | Police Officer Kokoruda's Memo book entry pertaining to the incident (NYC 15 – NYC 17) | | |
| 4 | Police Officer Kessler's Memo book entry pertaining to the incident (NYC 50 – NYC 51) | | |
| 5 | Police Officer Zhen's Memo book entry pertaining to the incident (Bates Nos. NYC 52 – NYC 55) | | |
| 6 | Police Officer Kalman's Memo book entry pertaining to the incident (Bates Nos. NYC 56 – NYC 58) | | |
| 7 | Complaint Screening Form (NYC 11) | F.R.E. 402, 801, 802 and 901 | Not relevant; hearsay; authentication issues; the document is unsigned; and the officers testified that they did not fill out this document or have any knowledge of who did. |
| 8 | Google Map of location (P1) | | |

**Defendants' Exhibits**

| # | Exhibit | Objection | Basis for Objection |
|---|---------|-----------|---------------------|
| A | Arrest Report (Bates No. NYC 1) | Cumulative, F.R.E. 403. | All the information contained in this document is contained in other documents. |
| B | Complaint Report (Bates Nos. NYC 2 – NYC 3) | | |
| C | Omniform Arrest Report (Bates No. NYC 26 – NYC 28) | | |
| D | Criminal Court Complaint (Bates No. NYC 10) | Not Relevant, F.R.E. 402; Probative value outweighed by prejudicial effect; confuses the issues; misleads the jury; cumulative, F.R.E. 403 | As there is no malicious prosecution claim this document is irrelevant. Because it is a document used in the criminal court proceeding, the jury may give this document undue weight or an implicit stamp of approval by the criminal court of this arrest. |
| E | Supporting Deposition (Bates Nos. NYC 12) | Not Relevant, F.R.E. 402; Probative value outweighed by prejudicial effect; confuses the issues; misleads the jury; cumulative, F.R.E. 403 | As there is no malicious prosecution claim this document is irrelevant. Because it is a document used in the criminal court proceeding, the jury may give this document undue weight or an implicit stamp of approval by the criminal court of this arrest. |
| F | Police Officer Kokoruda's Memo book entry pertaining to the incident (Bates Nos. NYC 15 – NYC 17) | | |

| | | | |
|---|---|---|---|
| G | Police Officer Kessler's Memo book entry pertaining to the incident (Bates Nos. NYC 50 – NYC 51) | | |
| H | Police Officer Zhen's Memo book entry pertaining to the incident (Bates Nos. NYC 52 – NYC 55) | | |
| I | Police Officer Kalman's Memo book entry pertaining to the incident (Bates Nos. NYC 56 – NYC 58) | | |
| J | 60th Precinct Watchlist Sheet containing plaintiff's photograph and information (Bates No. NYC 85) | Not Relevant, F.R.E. 402; Probative value outweighed by prejudicial effect; confuses the issues; misleads the jury; cumulative, F.R.E. 403 | This document is not relevant because it was not the same document that the officers' saw before plaintiff's arrest in this case. It appears to be from May 2011 as opposed to November 2010 when plaintiff's arrest in this case occurred. Also the probative value is substantially outweighed by its prejudicial effect. It will confuse the issues and mislead the jury into thinking that because Mr. Fryar was on this Watch List the officers had a right to stop him or arrest him on that basis alone. Allowing this document into evidence would result in an end run around Your Honor's ruling precluding mention of plaintiff's other arrests because of their potential for substantial prejudice. |
| K | Photographs of the vicinity of 3485 Neptune Avenue in Brooklyn (TBD) | We reserve our right under the Federal Rules to object to these | Plaintiff has never seen these photographs before |

| | | photographs | |
|---|---|---|---|
| L | Repository Inquire for Malik Fryar (RAP Sheet) (Bates Nos. NYC 38 – 49) | FRE 402, 403, 404, 608, 802, 901—lacks relevance, prejudice outweighs any probative value, hearsay, lack of authentication. | This document is not relevant to any of the claims and not probative of the claims or defenses in this case and highly prejudicial. In addition, it discloses inadmissible prior accusations of wrongdoing that did not result in a conviction. It is hearsay. It lacks authentication. It is impermissible character evidence. |

## Relief Sought

1. Compensatory damages for false arrest and excessive force.

2. Punitive damages against Police Officer Zhen, Police Officer Kokoruda, Police Officer Kessler and Police Officer Kalman.

4. Attorneys' fees and costs.

**SO ORDERED.**

_____
HON. BRIAN M. COGAN, U.S.D.J.

Dated: Brooklyn, New York
            , 2011