UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MALIK FRYAR,

                                Plaintiff,

            -against-

CITY OF NEW YORK; Police Officer ROBERT ZHEN,
Police Officer MATTHEW KOKORUDA, Police Officer
TYLER KALMAN, Police Officer PETER KESSLER, and
JOHN and JANE DOE 5 through 10, individually and in
their official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                Defendants.

**THE PARTIES' PROPOSED JURY CHARGE**

10 CV 5879 (TLM)

------------------------------------------------------------------------ x

        Defendants, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, in accordance with the rules of this Court and the Local Civil Rules of the United States District Court for the Eastern District of New York, set forth the following as their proposed Jury Instructions.[1]

## SUBSTANTIVE LAW[2]

---

[1] Pursuant to the Court's August 29, 2011 Scheduling Order the parties only submit herein proposed jury instructions on the substantive claims and affirmative defenses in the case and have not included boilerplate jury instructions. Additionally, the parties respectfully submit that 1) anything in regular font is agreed upon; 2) anything in highlighted font via the word document submitted to the Court or underlined via the document filed on ECF was inserted by plaintiff, but defendants object to the inclusion of same; and 3) that anything that has been crossed out was inserted by defendants, but plaintiff's object to the inclusion of same.

[2] The defendants' note that the language included herein has been adapted from the final jury charge used by Your Honor in the matter of Harold Edwards v. City of New York, et al., 08 CV 2199 (TLM) (JO). To the extent defendants disagree with an insertion or deletion of said language by plaintiff's counsel, but do not set forth a legal basis for their position, it is merely because defendants feel the language previously used by the Court in Edwards is sufficient. Plaintiff notes that he has cited to the sources he has used.

In this case the plaintiff Malik Fryar has brought the following claims against the defendants City of New York,[3] Robert Zhen, Matthew Kokoruda, Tyler Kalman and Peter Kessler:

First, false arrest.

Second, the use of excessive force during the arrest of plaintiff.

To recover on any or all of plaintiff's claims against the defendants, plaintiff must prove by a preponderance of the evidence:

First, that the conduct of the defendants, Robert Zhen, Matthew Kokoruda, Tyler Kalman and Peter Kessler, was under color of state law. In this case there is no dispute that the actions of the defendants were taken under color of state law as they were at all times acting as New York City police officers.

Second, that this conduct deprived the plaintiff of a right protected by the Constitution of the United States, and

Third, that the conduct of the defendants were the proximate cause of the injuries and damages sustained by plaintiff.

I will now explain to you the second and third elements that plaintiff must prove by a preponderance of the evidence:

### 2. Second Element: Deprivation of a Constitutional Right

---

[3] Defendants submit that because the City of New York is a defendant only under a theory of respondeat superior, any mention of the fact that the City of New York is a defendant under state law is unnecessary, prejudicial and would serve to confuse the jury. See Blake v. City of New York, 05 Cv. 6652 (BSJ), 2007 U.S. Dist. LEXIS 95913, *5-6 (S.D.N.Y. July 13, 2007) (Because the individual Officer-Defendants were acting within the scope of their employment when the events at issue took place, should they be found liable no further determination need be made by the jury to establish plaintiffs' respondeat superior claim against the City and under these circumstances, referring to the City as a named defendant is unnecessary and could confuse the Jury).

- 3 -

To establish the second element of his claim plaintiff must show that he was intentionally or recklessly deprived of a constitutional right by the defendants.

First, the plaintiff must show by a preponderance of the evidence that the defendants committed an act or acts alleged by plaintiff;

Second, that the alleged act or acts caused the plaintiff to suffer the loss of a constitutional right; and

Third, in performing the act or acts alleged the defendants acted intentionally or recklessly.

The determination of whether the defendants committed an act or acts as alleged by plaintiff is a function of your role as fact finders. As I explained earlier, it is your duty to consider all of the elements, assess the credibility of the witnesses and determine the facts.

If you determine that the defendants committed an act or acts as alleged by plaintiff, you must next determine whether that act caused the plaintiff to suffer the loss of a constitutional right. As I told you earlier, plaintiff has brought two claims against the defendants:

First, Mr. Fryar claims that the defendants subjected him to an unlawful arrest without probable cause; and

Second, Mr. Fryar claims that the defendants subjected him to excessive force during the course of his arrest.

Each of plaintiff's two claims arise under the Fourth Amendment to the United States Constitution.

<u>I will instruct you in detail as to what Mr. Fryar must show to establish each of the claimed violations of his constitutional rights. If you find that Mr. Fryar meets those</u>

requirements as to any one or more of the claimed violations of his constitutional rights, you must find in Mr. Fryar's favor and award him any damages that were proximately caused by those violations.

Mr. Fryar need not show that any defendant intended to deprive him of his constitutional rights. The fact that any defendant had no specific intent or purpose to deprive Mr. Fryar of his constitutional rights will not absolve them from liability if the defendant did in fact deprive Mr. Fryar of those rights, so long as defendants' acts themselves were intentional rather than accidental.[4]

        i)        False Arrest

A false arrest occurs if a police officer intentionally confines a person without that person's consent unless the police officer has probable cause to do so. There are several elements of a false arrest claim that are not in dispute here so I will limit my instructions to the disputed element, which is whether or not there was probable cause for plaintiff's arrest. An arrest conducted without an arrest warrant is presumptively unlawful. Defendants bear the burden of proving by a preponderance of the evidence that there was probable cause to believe that Mr. Fryar had committed or was about to commit a crime at the time that they arrested him~~arrest plaintiff~~. Whether probable cause existed depends upon the reasonable conclusions to be drawn from the facts known to the defendants at the time of the arrest of plaintiff. Because the existence of probable cause is analyzed from the perspective of a reasonable person standing in the officers' shoes, the actual subjective beliefs of the officers is irrelevant to the determination of probable cause. ~~An officer has probable cause to arrest when he or she has knowledge of reasonable trustworthy information of facts and circumstances that are sufficient to~~

---

[4] Hudson v. City of New York, 271 F.3d 62, 68-69 (2d Cir. 2001) (holding that specific intent is not an element of a § 1983 claim).

~~warrant a person of reasonable caution and belief that the person to be arrested has committed or is committing a crime.  Probable cause is judged based on the totality of the circumstances as viewed by a reasonable and prudent police officer in light of his or her training and experience and the officer's subjective reason for making the arrest need not be the criminal offense to which the known facts provide probable cause.  So long as there is probable cause a police officer is not required to explore every theoretically, plausible claim of innocence before making an arrest.[5]~~

Now in order for you to assess whether there was probable cause for the defendants to arrest the plaintiff, I will instruct you briefly on each crime for which the defendants contend there was probable cause.  Bear in mind, however, that the issue for you to decide is only whether the defendants had probable cause for the arrest, not whether the plaintiff was in fact guilty of any crime.  Plaintiff was arrested for Disorderly Conduct, Harassment in the 2nd Degree and Resisting Arrest.

A person is guilty of Disorderly Conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof:  He obstructs vehicular or pedestrian traffic.  <u>In order to be guilty under this section, an individual's conduct must cause</u>

---

[5] Defendants submit that this language must be included.  See Finigan v. Marshall, 07-0964-cv, slip op. at 9 (2d Cir. July 28, 2009) (quoting Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir. 2007) ("Probable cause exists when, based on the totality of circumstances, the officer has 'knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested.'");  Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) (Once a police officer has a reasonable basis to believe there is probable cause to arrest, the officer is not required to explore or eliminate every theoretically plausible claim of innocence before making an arrest) (quoting Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001) ("Nor does it matter that an investigation might have cast doubt upon the basis for the arrest.")).

"more than a temporary inconvenience"[6]  Rather, an individual's conduct must create a serious interference with vehicular or pedestrian traffic.[7]

A person is guilty of Harassment in the 2nd Degree when, with intent to harass, annoy or alarm another person:  He engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose. An individual's conduct must be shown to be more than an isolated incident.[8]  It must be a course of conduct that is composed of same or similar acts repeated over a period of time, however short, which establishes a continuity of purpose.[9]

A person is guilty of Resisting Arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person. An arrest, without a warrant, and not authorized by the Criminal Procedure Law,

---

[6] ( *People v. Pearl*, 66 Misc.2d 502, 321 N.Y.S.2d 986 [App. Term, 1st Dept.1971], *citing People v. Carcel*, 3 N.Y.2d 327, 332, 165 N.Y.S.2d 113, 144 N.E.2d 81 [1957]; *People v. Nixon*, 248 N.Y. 182, 187–188, 161 N.E. 463 [1928], *overruled on other grounds, People v. Santos*, 86 N.Y.2d 869, 635 N.Y.S.2d 168, 658 N.E.2d 1041 [1995] ). Defendants submit that instructing the jury regarding the specific offenses plaintiff was charged with in the manner those offenses are exactly delineated in the Penal Law is sufficient and proper and that any additional language, especially that which consists of examples and/or interpretation of the Penal Law, is unnecessary, could serve to confuse the jury and would be a waste of time.

[7] ( *see People v. Pearl*, 66 Misc.2d at 503, 321 N.Y.S.2d 986; *see also People v. Bezjak*, 11 Misc.3d at 437, 812 N.Y.S.2d 829). Defendants object and respectfully refer the Court to footnote #6.

[8] *People v. Wood*, 59 N.Y.2d 811, 812 (1983). Defendants object and respectfully refer the Court to footnote #6.

[9] *People v. Payton*, 161 Misc.2d 170 (Crim. Ct., Kings County 1994. Bruno, J). Defendants object and respectfully refer the Court to footnote #6.

<u>because, for example, the police lacked probable cause to believe that a misdemeanor had been committed in their presence is unlawful.</u>[10]

~~Even though plaintiff was charged with Disorderly Conduct, Harassment in the 2nd Degree and Resisting Arrest, if you find that there was probable cause to arrest him for any crime, then you must find for the defendants on the false arrest claim.~~[11]

Additionally, an officer arresting a plaintiff does not have to have knowledge of all or any of the facts and circumstances that establish the probable cause to arrest. An officer acts lawfully when he reasonably relies upon the information received by other law enforcement officials. <u>This means that the police officers who made the arrest must collectively have information at the time of the arrest that would lead a reasonable person who possesses the same official expertise as the officers to conclude that the person being arrested has committed or is about to commit a crime.</u> ~~Thus, if the collective knowledge of the officers on the scene is of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience that there is probable cause, then the officer relying on that information also has probable cause to arrest. Police officers are entitled to act on information received from other officers based upon the presumption that those officers furnishing information to the arresting officer possess the necessary probable cause.~~[12]

---

[10] People v. Williams 25 N.Y.2d 86, 302 N.Y.S.2d 780, 250 N.E.2d 201 (1969). Defendants object and refer the Court to footnote #6.

[11] Defendants respectfully submit that this language must be included. See Devenpeck v. Alford, 543 U.S. 146, 153 (2004) (an arrest is lawful so long as there is probable cause to arrest for any crime, even if that crime is not ultimately charged).

[12] Defendants submit that this language must be included as plaintiff alleges that four police officers were involved in his alleged unlawful arrest. See Savino v. City of New York, 331 F.3d 63, 74 (2d Cir. 2003) ([F]or the purpose of determining whether an arresting officer had probable cause to arrest, 'where law enforcement authorities are cooperating in an investigation, . . . the knowledge of one is presumed shared by all.'").

Here, Defendants Zhen, Kokoruda, Kalman and Kessler bear the burden of proving that there was probable cause to arrest plaintiff, based upon the totality of the facts known to them individually or collectively.

ii) Excessive Force.

Every person has the right not to be subjected to unreasonable or excessive force by a law enforcement officer. <u>A law enforcement official may only employ the amount of force reasonably necessary under the circumstances to make the arrest.</u> ~~On the other hand in making a lawful arrest an officer has the right to use such force as is necessary under the circumstances the officer encounters to complete the arrest.~~ You must determine whether the force used in making the lawful arrest of plaintiff exceeded the degree for force which a reasonable and prudent law enforcement officer would have applied in making an arrest under the same circumstances. <u>In making this determination, you may take into account such factors as the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the defendants or others, and whether the plaintiff actively resisted arrest or attempted to evade arrest by flight. However, you do not have to determine whether the defendants had less intrusive alternatives available, for the defendants need only to have acted within the range of conduct identified as reasonable. If you find that the amount of force used was greater than a reasonable officer would have employed, the plaintiff will have established the claim of deprivation of a constitutional right.</u>

~~Not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of a courtroom, constitutes excessive force. Police officers are forced to work in circumstances that are tense, uncertain, and rapidly evolving. They must make split second judgments about their actions and the amount of force that is necessary in a particular situation. The question is only whether the officer's actions are objectively reasonable in light of~~

~~all the facts and circumstances confronting him at the time of his action. You are not to consider the officer's underlying intent or motivation. Because police officers are often forced to make split-second judgments about the amount of force that is necessary in a give situation, the reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. You must determine based on the standards I just described whether plaintiff has proven by a preponderance of the evidence that the defendants used excessive force in arresting him.[13]~~

-       iii)    Intent

As I previously explained to find a deprivation of a constitutional right, a plaintiff must establish not only, 1) that a particular defendant committed the act or acts alleged, 2) that those acts caused the plaintiff to suffer loss of a constitutional right, but also, 3), that in performing the alleged act, the defendant acted intentionally or recklessly.

An act is intentional if it is done knowingly. That is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or any other innocent reason. An act is reckless if it is done with a conscious disregard of its known probable consequences. In determining whether a defendant acted with the requisite knowledge or recklessness, you should remember while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Finally, it is not necessary to find that a defendant specifically intended to deprive the plaintiff of his civil rights in order to find in favor of the plaintiff. Again, plaintiff will have

---

[13] Defendants submit that this language must be included. See Graham v. Connor, 490 U.S. 386, 396 (U.S. 1989).

established the deprivation of a constitutional right if you find that in performing the act that caused the loss of plaintiff's constitutional right, a defendant acted intentionally or recklessly as I explained the meaning of those terms to you.

### 3. Third Element: Proximate Cause

As I mentioned the third element in a civil rights claim is proximate cause. Plaintiff must prove that the defendants acted with proximate cause of the injuries that he claims he sustained. ~~Proximate cause means there must be sufficient causal connection between the defendants' acts and any injury or damage sustained by plaintiff.~~ An act is a proximate cause if it was a substantial factor in bringing about or actually causing the alleged injury. In other words, if the defendants' actions had such affect in producing an injury that a reasonable person would regard it as being a cause of the injury, then the act is a proximate cause.

### 4. Duty to Intervene[14]

As you know, at the time of the acts in question, the defendants were acting in their capacity as police officers. All police officers have an affirmative duty to intervene to protect the constitutional rights of individuals from infringement by other police officers in their presence. This means that if a police officer, although not directly using excessive force to effectuate an arrest, witnesses another police officer using such force, the first police officer has an affirmative duty to stop the violation. His failure to do so would make him liable for the preventable harm proximately caused by the other officer's use of excessive force.

This duty only arises, however, if the police officer has a realistic opportunity to intervene to prevent the violation from occurring. In other words, if you find that the police

---

[14] This language has been adapted from the final jury charge used by the Honorable Brian M. Cogan in the matter of <u>Ivan Kimbrough v. Detective Nixon, et al.</u>, 10 CV 1088 (BMC).

officer did not have sufficient time to intervene on the individual's behalf, then you should not hold that police officer liable for failing to intervene.

All law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officials in their presence. I instruct you that an officer or supervisor who fails to intercede is liable for the preventable harm caused by the actions of another officer if that officer either observes or has reason to know that a constitutional violation has occurred or is occurring. However, before an officer or supervisor can be held liable for failure to intervene, you must find that the officer or supervisor had a realistic opportunity to prevent the harm from occurring, that is, that he had sufficient time to intercede and a capability to prevent the harm.

Thus, before you can hold a defendant liable, you must conclude that the following elements have been met:

First: that a defendant subjected plaintiff to an unlawful act;

Second: that another defendant observed those actions and knew they were unlawful;

Third: that the observing defendant had a realistic opportunity to intervene, as I have just described that phrase; and

Fourth: that the defendant failed to take reasonable steps to prevent the violations of the plaintiff's constitutional rights.

Source: Martin A. Schwartz & Judge George C. Pratt, Section 1983 Litigation Jury Instructions, Instruction 7.02.2; O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988) (law enforcement officers have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement from other law enforcement personnel in their presence).

5.      **State Law Assault and Battery**[15]

Plaintiff also alleges that the defendants are liable to him for state law assault and battery. Like with his excessive force claim, plaintiff must prove his assault and battery claims by a preponderance of the evidence.

~~An individual cannot prevail on assault and battery claims against police officers making a lawful arrest unless the officers used excessive force while making the arrest. In other words, if you find that plaintiff did not prove his excessive force claim, then you must also find that he did not prove his assault and battery claims.~~

Assault and battery claims require the defendants to act intentionally. Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, he is said to have intended that result. Further, although he has no desire to bring about the result, if he does the act knowing, with substantial certainty, that the result will follow, he is also said to have intended that result.

---

[15] Defendants oppose any instructions with respect to these state law claims as they are duplicative of the federal charges. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. N.Y. 1996) (A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law.); Castro v. County of Nassau, 739 F. Supp. 2d 153, 178, n.17 (E.D.N.Y. 2010) (same standard applies for § 1983 excessive force claim and state law assault and battery claims); see also Tianshu Li v. United States, 05 Civ. 6237 (NRB), 2009 U.S. Dist. LEXIS 96945, at *5, n.2 (S.D.N.Y. Oct, 8, 2009) ("As against law enforcement personnel, assault and battery claims under New York law parallel the Fourth Amendment standard governing the use of force incident to a lawful arrest.") (citation omitted). If however, this Court chooses to give separate instructions to the jury on this issue, defendants request that the Court instruct the jury in accordance with defendants' proposed jury instructions which has also been adapted from the final jury charge used by the Honorable Brian M. Cogan in the matter of Ivan Kimbrough v. Detective Nixon, et al., 10 CV 1088 (BMC).

i)   Assault

Under state law, an assault is the intentional placing of another person in Apprehension of imminent harmful or offensive contact. Defendants are liable for assault when they intentionally cause another person to become concerned that the defendants are about to cause a harmful or offensive bodily contact.

In order to commit an assault, the defendants must have the real or apparent ability to bring about that harmful or offensive bodily contact. Threatening words, without some action, are not enough to constitute an assault. There must be some menacing act or gesture that causes the plaintiff to believe that a harmful or offensive bodily contact is about to occur. It is not, however, necessary that there be any contact.

ii)   Battery

To prevail on a claim for battery, a plaintiff must prove by a preponderance of the evidence that defendants intentionally touched him, without his consent, and thereby caused an offensive bodily contact. The intent is required for battery is intent to cause a bodily contact that a reasonable person would find offensive. An offensive bodily contact is one that is done for the purpose of harming another or one that offends a reasonable sense of personal dignity, or one that is otherwise wrongful.

<u>If you determine that the arrest of Mr. Fryar was unlawful, then any touching of his person other than in self-defense amounts to assault and battery regardless of whether the force would be deemed reasonable if applied during a lawful arrest, and you should award Mr. Fryar any damages that were proximately caused by that assault and battery.</u>

<u>If you determine that Mr. Fryar's arrest was lawful (i.e. supported by probable cause), then the requirements of Mr. Fryar's state law claims of assault and battery are</u>

substantially identical to those of his federal § 1983 claim for excessive force. Therefore, if you find that Mr. Fryar meets the requirements of his federal claim for excessive force, you should find that he meets the requirements of the state law claims for assault and battery as well, and you should award him any damages that were proximately caused by that assault and battery.

      iii)    Justification

Under state law, police officers are justified in threatening and using physical force to arrest individuals. This means that justification is a defense to claims for assault and battery. The plaintiff has the burden of disproving justification by a preponderance of the evidence. In other words, the plaintiff must prove, by a preponderance of the evidence, that the defendants were not justified when they threatened and used physical force during plaintiff's arrest.

Under the justification defense, police officers are entitled to use or threaten to use physical force while arresting an individual if they reasonable believed such threats or force was necessary: 1) to effectuate the arrest, 2) to prevent the individual's escape from custody; or 3) to defend themselves or each other from what they reasonable believed to be the use or imminent use of physical force by the individual.

6. State Law: False Imprisonment

Mr. Fryar alleges a claim of false arrest under New York state law against all defendants. The requirements of Mr. Fryar's state law false arrest claim are substantially identical to those of his federal § 1983 claim for false arrest. Therefore, if you find that Mr. Fryar meets the requirements of his federal claim for false arrest, you should find that he meets the

<u>requirements of the state law claim for false arrest as well, and you should award him any damages that were proximately caused by that false arrest.</u>[16]

Dated: September 8, 2011

Respectfully submitted,

By: _____/s/_____  
Brian Francolla  
Matthew Modafferi  
Assistant Corporation Counsels  
100 Church Street  
New York, NY 10007  
Tel: (212) 788-0988  
Tel: (212) 788-1652  
Fax: (212) 788-9776  
Email: bfrancol@law.nyc.gov  
Email: mmodaffe@law.nyc.gov  

*Attorneys for Defendants*

By: _____/s/_____  
Afsaan Saleem, Esq.  
Gabriel Harvis, Esq.  
Harvis & Saleem LLP  
305 Broadway, 14th Floor  
New York, New York 10007  
Tel: (212) 323-6880  
Fax: (212) 323-6881  
Email: asaleem@harvisandsaleem.com  
Email: gharvis@harvisandsaleem.com  

*Attorneys for Plaintiff*

---

[16] <u>Hygh v. Jacobs</u>, 961 F.2d 359, 366-367 (2d Cir. 1992).